United States District Court
Southern District of Texas
**ENTERED**
June 28, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., § | |
| *Plaintiff*, § | |
| § | |
| vs. § | Civil Action No. 4:15cv3497 |
| § | |
| TANIA V. MENENDEZ, *ET AL*., § | |
| *Defendant*s. § | |

**MEMORANDUM AND RECOMMENDATION**

This cable piracy case is before the court on Joe Hand Promotions, Inc.'s motion for default judgment (Dkt. 14) against Tania V. Menendez, Ana M. Castillo, and Bongos Sports Bar, Inc. Joe Hand seeks an injunction, statutory damages in the amount of $60,000, attorneys' fees in the amount of 1/3 of the total recovery, plus fees for post-judgment or appellate services, costs, and post-judgment interest.

The clerk entered default against defendants on May 18, 2016 (Dkt. 13). Joe Hand filed and served this motion for default judgment on May 19, 2016. Defendants have not responded. Entry of default judgment is appropriate.

Joe Hand has shown that it is an aggrieved party under the Federal Communications Act, 47 U.S.C. §§ 553, 605. Joe Hand has presented evidence that on December 29, 2012 defendants' establishment exhibited without authorization the event "UFC 155: Dos Santos v. Velasquez II." The event was shown on 10 televisions, including a large screen projector and high definition televisions. Approximately 150 persons were in attendance. The bar has

an estimated seating capacity of 200.[1] The commercial sublicense fee for an establishment seating up to 200 patrons was $1,300 for this event.[2] An attorney fee of $250 per hour for 9.5 hours of work is reasonable for an anti-piracy case such as this.[3]

Based on the evidence of record, the court recommends that default judgment be entered in favor of Joe Hand Promotions, Inc. in the amount of $4,300 statutory damages under 47 U.S.C. § 605(e)(3)(C)(i) and (ii); $2,375 for attorneys' fees; $675.00 in costs, and post-judgment interest at the effective rate on date of entry of judgment.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* FED. R. CIV. P. 72.

Signed at Houston, Texas on June 27, 2016.

Stephen Wm Smith
United States Magistrate Judge

---

[1] Dkt. 14-5.

[2] Dkt. 14-4.

[3] *See* Dkt. 14-6. The request for future fees is denied. The request may be urged in the event of post-judgment motions or appeal.